## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **LOLIZ, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | Civil Action No.  **6:21-cv-224** |
| | § | |
| **COLONY INSURANCE COMPANY** | § | |
| | § | |
| **Defendant.** | § | |

### NOTICE OF REMOVAL

Defendant Colony Insurance Company (CIC) files this Notice of Removal, and, in support, respectfully shows the following:

### I.    THE COURT HAS DIVERSITY JURISDICTION

Plaintiff filed this lawsuit on March 20, 2020, in McLennan County, Texas against Defendant CIC, styled as *Loliz, LLC v. Colony Insurance Company*, Cause No. 2020-1030-5, in the 414th Judicial District Court, McLennan County, Texas. This lawsuit involves an insurance claim Plaintiff submitted to CIC. CIC now removes this action on the basis of diversity jurisdiction because the Parties are diverse, and the amount in controversy exceeds $75,000.

### A.  The Plaintiffs and CIC are Diverse

Removal is proper under 28 U.S.C. Section 1446(a)(1) because there is complete diversity of citizenship between Plaintiff and CIC, the sole Defendant. For purposes of diversity of citizenship, LoLiz, LLC is a citizen of the State of Texas, it is a limited liability company whose members are all natural persons who are domiciled in Texas. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (holding a natural person is citizen of state in which she domiciles). CIC is a citizen of the Commonwealth of Virginia, being an insurance company formed

pursuant to Virginia law with its principal place of business in Virginia. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (holding corporations are a citizen of the state in which they are incorporated and in the state in which their principal place of business is located). Based on the foregoing, Plaintiff and CIC are completely diverse within the meaning of Section 1332(a).

**B.  The Amount in Controversy Exceeds $75,000**

Plaintiff seek monetary relief greater than $100,000. *See* Ex. 1, ¶1 (Orig. Pet.). Therefore, the amount in controversy exceeds the $75,000 threshold required to invoke diversity jurisdiction. 28 U.S.C. Section 1332(a); *see St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (noting the district court examines the complaint to determine whether it is facially apparent that the claim exceeds the jurisdictional minimum); *see also KVOS, Inc. v. Associated Press*, 299 U.S. 269, 277 (1936) (holding allegation in pleading is sufficient to establish amount in controversy).

**II.   VENUE IS PROPER**

Venue is proper in this District and Division under 28 U.S.C. Sections 124(d)(2), 1441(a), and 1446(a) because the Western District of Texas, Waco Division encompasses McLennan County, Texas, and is "the district and division embracing the place where such action is pending."

**III.   REMOVAL IS TIMELY**

This matter was filed on March 20, 2020. To date, Defendant has not been properly served with Plaintiff's Original Petition; therefore, the removal period has not yet begun to run, and the case remains removeable. *Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 306 (5th Cir. 2014). Further, removal based on diversity of citizenship is not being sought more than one year after commencement of the action. *Id*. at 303 (citing 28 U.S.C. Section 1332).

After initiating this lawsuit, Plaintiff attempted to serve CIC by certified mail to Corporation Service Company (CSC), which is not CIC's registered agent for service. Ex. 2, Decl. of Austin King; s*ee also* Ex. 3 (Return of Service). After being served with process for CIC, CSC sent a letter to Plaintiff's counsel indicating that it was not CIC's registered agent. Ex. 4. Thus, Plaintiff's counsel is aware that he has not served CIC.

The 30-day deadline to remove the case begins on the date that CIC is formally served with process. *Thompson*, 775 F.3d at 303 (". . . a defendant's right to removal runs from the date on which it is formally served with process."). CIC has no obligation to appear in court or defend an action before it is formally served with process directing it to appear before that forum. *Id*. Therefore, this Notice of Removal is timely pursuant to Section 1446(b)(1) because CIC has not been properly served. *Id*. at 306.

## IV.    THE REMOVAL IS PROCEDURALLY CORRECT

Pursuant to 28 U.S.C. Section 1446(a), Plaintiff's Original Petition is attached hereto as Exhibit 1. There are no copies of process to provide as Defendant has not been served. No orders have been served on CIC. Pursuant to 28 U.S.C. Section 1446(d), promptly after CIC files this Notice of Removal, written notice of the filing will be served on Plaintiffs, and a true copy of this Notice of Removal will be filed with the Clerk of the McLennan County District Court, the state court from which this action was removed.

## V.    PRAYER

This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a), and the matter was removed in accordance with section 28 U.S.C. Section 1446. Accordingly, CIC respectfully prays that the United States District Court for the Western District of Texas, Waco

Division, file the Notice of Removal, assume jurisdiction of this lawsuit, and issue all such further orders and processes as may be necessary.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi
Texas Bar No. 24041468
stephenm@tbmmlaw.com
Matthew Rigney
Texas Bar No. 24068636
mattr@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone:     214-665-0100
Facsimile:      214-665-0199
**ATTORNEYS FOR COLONY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will electronically send notification to all counsel of record.

*/s/ Stephen A. Melendi*
Stephen A. Melendi